**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**
-----------------------------------------------------------------X
CHRISTINE MITKISH,

                *Plaintiff*,   **MEMORANDUM**
  **AND ORDER**
  23-cv-4453 (NJC)(JMW)

    -against-


TARGET CORPORATION AND LIFE SAFETY
ENGINEERED SYSTEMS, INC.,


                *Defendants*.
-----------------------------------------------------------------X
TARGET CORPORATION,


                *Third-Party Plaintiff*,

    -against-


LIFE SAFETY ENGINEERED SYSTEMS, INC.,


                *Third-Party Defendant*.
-----------------------------------------------------------------X

**A P P E A R A N C E S:**

Francesco Pomara , Jr., Esq.
Jeffrey M. Blum, Esq.
Lorenzo J. Tasso, Esq.
**Mallilo & Grossman**
169-03 Northern Blvd.
Flushing, NY 11358
*Attorneys for Plaintiff*

Allison C. Leibowitz, Esq.
**Simmons Jannace DeLuca L.L.P.**
43 Corporate Drive
Hauppauge, NY 11788
*Attorneys for Defendant/ Third-Party Plaintiff Target Corporation*

**Dua Tahir, Esq.**
138 Deer Lake Drive
North Babylon, NY 11703

-and-

Joseph A. D'Avanzo, Esq.
**Coffey Modica LLP**
200 East Post Road
Suite 210
10601, Ste 210
White Plains, NY 10601
*Attorneys for Defendant/ Third-Party Defendant Life Safety Engineered Systems, Inc.*

**WICKS,** Magistrate Judge:

     Does a defendant in a personal injury action have the right to (i) demand an independent medical examination ("IME") of the plaintiff prior to the plaintiff's scheduled surgery, and if so (ii) dictate the location of the exam?  Before the Court is Defendant Target's application for the Court to direct Plaintiff to appear for a pre-surgical physical examination in Wyckoff, New Jersey, currently scheduled for April 10, 2024. (ECF No. 42.)  Plaintiff Christine Mitkish commenced this negligence action against Defendants Target Corporation ("Target") and Life Safety Engineered Systems, Inc. (collectively, "Defendants") on June 16, 2023, alleging that on December 10, 2022, while at a Target store, she was injured when a fire extinguisher fell on her right foot from a column located at the store. (ECF No. 1.) Plaintiff now has surgery to her right foot scheduled for April 17, 2024. (ECF No. 41, 42.)  For the reasons that follow, Target's motion (ECF No. 41) is **GRANTED**.

## BACKGROUND

On March 18, 2024, Target served Plaintiff with a Notice for a pre-surgical physical examination by Target's expert, orthopedic surgeon Jessica B. Gallina, M.D. ("Dr. Gallina"). (ECF No. 41 at 1.) The examination is presently scheduled for April 30, 2024. (*Id*.) On March 26, 2024, Plaintiff's Counsel advised Defendants that Plaintiff was scheduled to undergo surgery before the physical examination. (*Id*.) Defendants contacted Dr. Gallina to reschedule the examination *before* the scheduled surgery, however, Dr. Gallina's office advised Target that the only availability is on April 10, 2024, at Dr. Gallina's office in Wyckoff, New Jersey. (*Id*.) The next day, Target's Counsel requested Plaintiff appear in New Jersey for the physical examination before the scheduled surgery, or reschedule the surgery until after the April 30, 2024 examination in New York. (*Id*.) Plaintiff advised that she would not be rescheduling the surgery nor was she willing to appear for a physical examination on April 10, 2024 in New Jersey. (*Id*.)

Target maintains that a pre-surgical examination is "material and necessary to Target's Defense" as the anticipated surgery "will materially alter [P]laintiff's physical condition." (*Id*.) Target argues that it is "attempting to avoid the prejudice it will sustain in not being permitted an opportunity to conduct a physical examination of [P]laintiff before her scheduled surgery." (*Id*. at 2.) By contrast, Target contends that Plaintiff would "suffer[] no prejudice, whatsoever, in appearing for the examination in Wyckoff, New Jersey, or in the alternative, rescheduling her surgery to allow her to be examined in New York at the end of the month." (*Id*.)

Target argues Plaintiff has been on notice of Target's intention to conduct a pre-surgical examination since being served with Target's Combined Demands on June 21, 2023, in which Target preserved its request to conduct a presurgical examination or seek sanctions if Plaintiff failed to comply. (*Id*.) Target maintains that it is entitled to have Plaintiff examined by a doctor

3

of its choosing, and that Dr. Gallina's office "is within a reasonable distance" from New York and further reserves its right to have Plaintiff undergo a second physical examination following surgery.[1] (*Id*. at 2-3.) In response, Plaintiff does not object to appearing for a pre-surgical *or* post-surgical physical examination, but rather demands the pre-surgical independent medical examination (hereafter, "Pre-Surgical IME") be conducted "on Long Island or at least within the Eastern District of New York." (ECF No. 42 at 2.) Notably, Plaintiff does not identify *why* she cannot appear and/or does not want to appear for the Pre-Surgical IME in Wyckoff, New Jersey in her response. *See* generally, ECF No. 42.

## DISCUSSION

Rule 35 "permits a court to order a party whose mental or physical condition . . . is in controversy to submit to a physical or mental examination by a suitably licensed or certified examiner" upon a showing of "good cause." The allegations of the pleadings alone may be sufficient to satisfy this requirement. *See Schlagenhauf v. Holder*, 379 U.S. 104, 119 (1964). "A plaintiff [in a negligence action] who asserts mental or physical injury. . . places that mental or physical injury clearly in controversy and provides the defendant with good cause for an

---

[1] Rule 35 "'does not limit the number of independent medical examinations that may be ordered so long as good cause is shown for each exam.'" *Steinman v. Morton Int'l, Inc.*, 07-CV-00532-JJM, 2015 WL 13830798, at *2 (W.D.N.Y. Dec. 30, 2015) (quoting *Sadler v. Acker*, 263 F.R.D. 333, 336 (M.D. La. 2009)). "Whether good cause exists for a second or successive exam demands asking if yet another examination is warranted despite a previous examination or series of examinations having already been completed in the same case." *Jackson v. United States*, No. 3:14-15086, 2016 WL 502056, at *2 (S.D.W. Va. Feb. 8, 2016). Courts in the Second Circuit have stated that "a higher showing of cause" is needed to justify multiple examinations. *See e.g.*, *Ebo v. New York Methodist Hosp.*, No. 12-CV-4432 MKB RER, 2015 WL 4078550, at *6 (E.D.N.Y. July 6, 2015). Here, the pre-surgical physical examination of Plaintiff has not yet occurred, and it is therefore premature to determine whether good cause exists to warrant a second physical exam. Therefore, to the extent Target's motion seeks to direct Plaintiff to appear for a post-surgical physical examination, Target's request is denied, *without prejudice and with leave to renew*. Target may renew its application for a post-surgical physical examination upon the completion of Plaintiff's pre-surgical physical exam, to the extent Plaintiff objects to a post-surgical exam. The undersigned notes Plaintiff has not otherwise indicated that she would object to a post-surgical exam. *See generally*, ECF No. 42.

examination to determine the existence and extent of such asserted injury." *Vilkhu v. City of New York*, No. 06-CV-2095 (CPS)(JO), 2007 WL 2713340, at *4 (E.D.N.Y. Sept. 13, 2007) (citing *Schlagenhauf*, 379 U.S. at 119). "Whether the requisite showing has been made in a particular case is within the 'sound discretion' of the court." *Ebo*, No. 12-CV-4432 (MKB) (RER), 2015 WL 4078550, at *6.

The parties do not dispute that Plaintiff's physical injury is at issue nor that Target has good cause for a pre-surgical physical examination. (ECF No. 41, 42.) Rather, Plaintiff objects to Target's desired location for the Pre-Surgical IME in Wyckoff, New Jersey. (ECF No. 42.) Accordingly, there is no issue regarding the propriety or timing of an IME, only *where* it will occur. On this point, Rule 35 provides that a court order directing a party to appear for an IME "shall specify the time, place, manner, conditions, and scope of the examination and the person or persons by whom it is to be made." Fed. R. Civ. P. 35(a). Rule 35 further "'permits the court to include in its order such protective conditions as are deemed appropriate,' and is guided by the requirements of Rule 26(c) of the Federal Rule of Civil Procedure." *Rance v. Jefferson Vill. Condo. No. 5*, No. 18 CIV. 6923 (JCM), 2019 WL 12373336, at *4 (S.D.N.Y. Sept. 23, 2019) (quoting *Hirschheimer v. Assoc. Metals & Minerals Corp.*, 1995 WL 736901, at *2 (S.D.N.Y. Dec. 12, 1995)).

"Rule 26(c) allows a court to issue a protective order to 'relieve a party or person from annoyance, embarrassment, oppression, or undue burden or expense[,]'" and "confers broad discretion on the trial court to decide when a protective order is appropriate and what degree of protection is required[,]" however, "the party moving for a protective order must prove that good cause exists for the court to intervene in the administration of the examination." *Id*. (quoting Fed.

5

R. Civ. P. 26(c)); *Hirschheimer,* No. 94 CIV. 6155(JKF), 1995 WL 736901, at *2 (collecting cases).

As to the location of the IME specifically, a Rule 35 examination is "usually held in the location in which the party filed suit[,]" however, the "general rule is that "Rule 35 examinations be 'conducted at a time conducted at a time and place that is not inconvenient' to the party being examined." *Krasney v. Nationwide Mut. Ins. Co.*, No. 3:06 CV 1164 (JBA), 2007 WL 9754485, at *3 (D. Conn. Dec. 11, 2007) (quoting 8A Fed. Prac. & Proc. Civ. 2d § 2234); *Salemi v. Boccador, Inc.*, No. 02 CIV. 6648 (GEL), 2005 WL 926965, at *2 (S.D.N.Y. Apr. 19, 2005) (internal citations omitted) ("Usually plaintiff will be required to come to the place where he or she filed suit for the examination . . . [and] [t]he party being examined must pay his or her own expenses for coming to the examination and bear the loss of time thus caused."); *Rance*, No. 18 CIV. 6923 (JCM), 2019 WL 12373336, at *4 (advising the parties to meet and confer on a "reasonable" location to conduct the examination); *Carroll v. Genesis Marine, LLC*, No. CV 19-13512, 2021 WL 1784644, at *8 (E.D. La. May 5, 2021) (federal district courts consider "what is a reasonable location, or reasonable distance to travel, for an IME" "[a]nd the general rule that emerges is that the plaintiff should make himself available for examination in the forum or district in which the lawsuit was filed . . . [l]ike other discovery matters, the touchstone is reasonableness.").

When a defendant identifies the location of the IME – one to which plaintiff objects – plaintiff bears the burden of demonstrating "inconvenience". *Knuth v. Reg'l Transit Auth. of New Orleans*, No. CV 20-396, 2020 WL 6742800, at *2–3 (E.D. La. Nov. 17, 2020). As the court in *Knuth* articulated,

6

> [I]n the usual case, plaintiff [is ordered] to appear for examination at the place where the trial would be held—that is, at the venue selected initially by the plaintiff, [which] allows the examining physician to be available conveniently for testimony. The usual case may give way where the plaintiff can demonstrate that the trip would be injurious to his health, or that there is any other compelling reason for his reluctance. However, the burden is not on the defendant to demonstrate that a satisfactory examination cannot be had a nearer locale to the plaintiff; rather, *the burden is on the plaintiff to show that traveling to the examination poses undue burden or hardship*.

*Id.* (internal citations omitted) (emphasis added).

Here, Plaintiff is a resident of New York (ECF No. 1 at ¶ 3), which is a reasonably short distance from Wyckoff, New Jersey,[2] and "from which plaintiff may avail [herself] of public transportation, if [she] chooses." *Krasney*, No. 3:06 CV 1164 (JBA), 2007 WL 9754485, at *3. Plaintiff has proffered no support for her opposition to this location and has not otherwise explained why this location is "inconvenient." *See* 8A Fed. Prac. & Proc. Civ. 2d § 2234; ECF No. 42; *see also Krasney*, No. 3:06 CV 1164 (JBA), 2007 WL 9754485, at *3 (ordering plaintiff, a Stamford, Connecticut resident, to appear for an IME in New York City); *Thomas v. W&T Offshore, Inc.*, No. 16-14694, 2018 WL 501508 (E.D. La. Jan. 22, 2018) (determining that it is reasonable and not unduly burdensome for the plaintiff to travel 85 miles for the IME)*; Sanders v. Cangiolosi, No. 17-8563,* 2021 WL 1121084, at *2-3 (N.D. Ill. Mar. 24, 2021) (ordering plaintiff to appear for an IME within 100 miles driving distance from the plaintiff's house); *Cf. In*

---

[2] Plaintiff does not specify exactly where she resides in New York, but requests the Pre-Surgical IME be conducted "on Long Island or at least within the Eastern District of New York." (ECF No. 42 at 2.) According to Google Maps, the approximate distance from Central Islip, New York to Wyckoff, New Jersey is 63 miles; the approximate distance from Brooklyn, New York to Wyckoff is 34.8 miles; and the approximate distance from Queens, New York to Wyckoff is 35.1 miles. *See* https://www.google.com/maps/dir/Central+Islip,+NY/Wyckoff,+NJ+07481/@40.9377407,-74.366983,9z/data=!3m1!4b1!4m13!4m12!1m5!1m1!1s0x89e831376933bb87:0xc912cdf96c76c378!2m2!1d-73.2017811!2d40.7906538!1m5!1m1!1s0x89c2e318b25614f3:0xd66938d22ffb507d!2m2!1d-74.1729106!2d41.0095316?entry=ttu.

*Re Bordelon Marine, Inc.*, No. 11-1473, 2012 WL 1902576 at *3 (E.D. La. May 25, 2012) (finding distance of 214 miles posed undue burden on plaintiff to travel for IME). Accordingly, the Court finds Wyckoff, New Jersey is a reasonable distance from Plaintiff's residence in New York, and Plaintiff has not otherwise articulated how her appearance for the Pre-Surgical IME in Wyckoff would impose upon her an undue burden or hardship.

## CONCLUSION

For the reasons stated herein, Target's Motion to Compel (ECF No. 41) is **GRANTED**. Plaintiff is directed to appear for the Pre-Surgical IME in Wyckoff, New Jersey on April 10, 2024.

Dated: Central Islip, New York
April 4, 2024

S O   O R D E R E D:

/s/ *James M. Wicks*
JAMES M. WICKS
United States Magistrate Judge